UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No. | CV 17-7966 MRW |
| Title | Carboni v. Berryhill |
| Date | August 2, 2018 |

Present: The Honorable Michael R. Wilner

| Veronica Piper | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff / Petitioner: | Attorneys Present for Defendant / Respondent: |
|---|---|
| None present | None present |

**Proceedings:** ORDER REMANDING SOCIAL SECURITY ACTION

1. This is an appeal from the denial of Social Security disability benefits. Plaintiff has autism and affective disorder. An agency ALJ concluded that Plaintiff had the residual functional capacity (RFC) to perform simple work with additional non-exertional limitations. (AR 23.) In setting the RFC, the ALJ did not: (a) address the far-more-restrictive opinion of Plaintiff's treating psychiatrist (Dr. Ott); or (b) evaluate the testimony of Plaintiff's father regarding his son's considerable limitations.

2. A district court cannot affirm the agency's denial of benefits if the ALJ's findings are "based on legal error or are not supported by substantial evidence in the record." Lamear v. Berryhill, 865 F.3d 1201, 1204 (9th Cir. 2017); Attmore v. Colvin, 827 F.3d 872, 875 (9th Cir. 2016). A reviewing court "can affirm the agency's decision to deny benefits only on the grounds invoked by the agency." Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015).

3. A treating practitioner's opinion is given "controlling weight" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. § 404.1527(c)(2). Even if a treating doctor's contradicted opinion goes to the "ultimate issue" of disability, it may only be rejected where the ALJ identifies "specific and legitimate reasons that are supported by substantial evidence." Ghanim v. Colvin, 763 F.3d 1154, 1161 (9th Cir. 2014); Kelly v. Berryhill, ___ F. App'x ___, 2018 WL 2022575 at *3 (9th Cir. May 1, 2018) (same). Moreover, even when disputed by the agency, "a treating or examining physician's opinion is still owed deference and will often be entitled to the greatest weight" in disability proceedings. Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014).

4. An ALJ "cannot [ ] totally ignore a treating doctor and his or her notes, without even mentioning them." Marsh v. Colvin, 792 F.3d 1170, 1172 (9th Cir. 2015); Cothrell v.

Berryhill, ___ F. App'x ___, 2018 WL 3454474 at *2 (9th Cir. July 18, 2018) ("completely omitting discussion of a doctor's opinion is error subject to harmlessness review"). "Where an ALJ does not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another, he errs." Garrison, 759 F.3d at 1012.

5. Dr. Ott is a psychiatrist on the faculty of UCLA Medical School. He specializes in treating autistic patients. According to his June 2014 opinion letter, he treated Plaintiff regularly for over a year. Dr. Ott opined that Plaintiff's "chronic condition" manifested itself in "marked" problems with social interactions and communication and considerable difficulties with memory, understanding directions, and adaptation. For this reason, Dr. Ott concluded that Plaintiff was not capable of employment. (AR 245-46.)

6. The ALJ cited aspects of Dr. Ott's treatment notes (particularly, aspects of Plaintiff's behavior that supported less rigorous limitations) in assessing Plaintiff's RFC. (AR 21-22, 24-25.) However, the written decision entirely failed to address the substance of the treating specialist's opinions regarding Plaintiff's ability to work. The ALJ surely gave no deference to Dr. Ott's significant assessments. That was legal error. Marsh, 792 F.3d at 1172; Garrison, 759 F.3d at 1012.

7. The ALJ also failed to explain why the testimony of Plaintiff's father – in which he explained that Plaintiff's autism "severely limits his ability to perform a substantial range of activities" (AR 23) – was apparently rejected. Ninth Circuit law couldn't be clearer: "To reject third-party reports of a claimant's impairments," an ALJ must "give reasons that are germane to each witness." Revels v. Berryhill, 874 F.3d 648, 655 (9th Cir. 2017); Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001). The government guesses that the ALJ rejected the father's testimony because the ALJ disbelieved the testimony of the autistic son. (Docket # 15 at 39.) That guess is not enough to make up for a deficient agency decision. Brown-Hunter, 806 F.3d at 492. It also doesn't make much sense; the core of the father's testimony was based on his percipient observations of the son's problematic behavior, not the kid's self-reporting of personal limitations.

8. Still, the ALJ properly noted issues regarding Plaintiff's intellectual ability and past activities that raise questions about whether he is unable to work. For this reason, the appropriate remedy is to remand on an open record. Burrell v. Colvin, 775 F.3d 1133, 1141 (9th Cir. 2014). The Court declines to take up Plaintiff's alternative claims of error, which the parties may address in further agency proceedings. A separate remand order will issue.